No. 6749.

JEAN CLAVERIE vs. L. A. GERODIAS AND HER HUSBAND.

Where an application for a writ of injunction, filed in conjunction with an opposition to a seizure and sale, is referred to the merits, and no restraining order was issued until after a hearing on the merits, it is immaterial whether the affidavit for the injunction was legally sufficient, or not.

The mortgage note of a wife knowingly received by a creditor of the husband, in satisfaction, or security of the husband's debt, is, in the hands of such a creditor, utterly null and void.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers,* J.

W. E. *Murphy* for plaintiff and appellant.

F. *Michinard* for defendants.

The opinion of the court was delivered by

SPENCER, J. Plaintiff holding a note of Mrs. Gerodias for $2000, secured by mortgage on her paraphernal property, executed by authority

of the Judge of the Third District Court of Orleans, took executory process thereon.

The defendant filed an opposition thereto, alleging that the note was obtained from her by fraud and misrepresentation—that the recitals of the act of mortgage to the effect that Claverie had loaned her the amount of the note were false to his. knowledge—that in truth said Claverie never gave her any consideration for said note—nor did she ever at any time owe him any thing.  That her husband and his partner, in the butcher business, were in debt to said Claverie, and that the husband and Claverie arranged this plan to secure said indebtedness.  She prayed for an injunction, and by way of reconvention, demanded the nullity of the mortgage, the erasure of its inscription, and the surrender to her of the note.  The court granted an order on plaintiff to show cause why an injunction should not be granted.  This rule was cumulated with the merits, and there was final judgment for opponent as prayed for by her.  Plaintiff appeals.  Our attention is called to exceptions filed by plaintiff to opponent's proceeding in the court below.  The exceptions are—

First—That defendant can not intervene in a suit against herself.

Second—That an intervention is not permissible in a seizure and sale case.

Third—That defendant's petition or opposition is too vague; and

Fourth—That the affidavit is insufficient.

There is no force in any of these exceptions.  She does not intervene, but files an opposition and petition for injunction under articles C. P. 738 and 739.  The petition or opposition is unusually particular and specific, and ample, if true, to serve as a basis for the relief sought.  The sufficiency of the affidavit for injunction is matter of no moment, as no injunction was granted until the case was heard on its merits, and only in the final judgment.

There is no dispute about the essential facts of this case.  Indeed, the answer of Claverie contains this admission: " That the said note was executed by the said Mrs. Gerodias for the purpose of being delivered to respondent for the purpose of enabling her husband, V. Gerodias, to obtain the means of carrying on his trade as butcher, and was given by him to respondent for that purpose to the knowledge of his wife, and that your respondent has given said Gerodias and wife merchandise for the full value thereof."

The question presented, therefore, for our decision is, whether a creditor of the husband, can knowingly, etc., validly take from his debtor's wife her note and mortgage to secure the husband's debt to him ?

It is hardly necessary to do more than ask the question.  The law

Claverie vs. Gerodias.

(C. C. 2398), *forbids* the wife to become security of her husband, or to bind herself or property for his debts. Her note, for such a purpose, in the hands of the husband's creditor, who takes it knowingly, is utterly null and void. The act of 1855 (now articles 126, 127 and 128 C. C.) has no application to such a case as is here presented. Claverie, the plaintiff, is the creditor of the husband, and knowingly takes the wife's note for the amount thus due him, in contempt of the prohibitions of the Code, and without the the slightest pretense that he was ignorant of the true facts; on the contrary, judicially avowing that he took the note from her to secure the debt of the husband.

It is unnecessary to decide what would be the rights of an innocent holder of the note in a case like this, nor the effect of the judge's authorization *quoad* the rights of such holder. The question is not here presented. The only question is whether a creditor of the husband, with full knowledge that the wife is becoming surety for the husband's debt, can himself enforce against her such suretyship. He can not. To hold otherwise would be to expunge from the Code principles which are fundamental, and to permit and enforce a fraud upon the law as well as upon the wife.

The judgment appealed from is affirmed with costs of both courts.